Morgan, J.
' This is a suit on a policy of insurance. The instrument recites that, “in consideration of $120 to them paid by the insured, hereinafter named, the receipt whereof is hereby acknowledged,” the Salamander Fire Insurance Company “do insure Ben *696 Toledano against loss or damage by fire to the amount of $3000 on stock in trade, such as is usually kept in a country store, such as groceries, dry goods, hardware and cutlery, contained in a frame shingled store, situated in the town of Coushatta, Red River, Louisiana, being stock of C. N. Prudhomme.” The defense is:
First — Want of insurable interest in the assured.
Second — That the defendants were not advised that the goods insured were kept for sale in a large hotel, used for the reception of travelers and sojourners, in which other avocations and trades were pursued by different parties, which fact, if it had been made known, would have deterred the defendants from accepting the risk.
If we give to the plaintiff what he claims as regards the insurance of the goods which were destroyed by the fire — that is, that they were his, and were insured for his benefit — still the second objection must prevail.
In the application to insure the goods are described as being in a store. Properly speaking, they were not in a store. They were contained in a room belonging to a lodging and boarding house. It was in the kitchen of this house that the fire which consumed the plaintiff’s goods originated. By the terms of the policy “ taverns ” are extra hazardous. It is contended that the house in question was not a tavern’ but a hotel. The distinction between a tavern and a hotel in such a place as Coushatta is, it seems to us, a distinction without a difference.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed, and that there be judgment in favor, of the defendant, with costs in both courts.